UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Michael P. Henderson,

    Plaintiff,

vs.         REPORT AND RECOMMENDATION

Allen Marxhausen, Jan Kolb,
and Mille Lacs County,

    Defendants.   Civ. No. 09-217 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Chief Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Application of the Plaintiff Michael P. Henderson for leave to proceed in forma pauperis ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that this action be summarily dismissed.

## II. Factual and Procedural Background

The Plaintiff is presently attempting to sue three named Defendants -- Allen Marxhausen ("Marxhausen"), who is identified as "the Undersheriff" for Mille Lacs County, Minnesota; Jan Kolb ("Kolb"), who is identified as the County Attorney for Mille Lacs County; and Mille Lacs County (the "County"). The Plaintiff seeks relief under Title 42 U.S.C. §1983, for violations of his Federal constitutional rights.

The Plaintiff alleges that the Defendants violated his constitutional rights on February 3, 2003, which is the date when he went to Trial in Mille Lacs County District Court, on certain criminal charges. See, State v. Henderson, 2004 WL 1833936 at *3 (Minn.App. August 17, 2004), rev. denied (Minn., October 27, 2004). The Plaintiff was ultimately convicted in that case, and his conviction was upheld by the Minnesota Court of Appeals, which described the factual and procedural background of the Plaintiff's case, as follows:

> Mille Lacs County Sheriff's Investigator Alan Marxhausen received judicial authorization to execute a search warrant at appellant Michael Peter Henderson's residence. While two deputies were at the residence, another deputy stopped Henderson in his vehicle and held him in custody. After recognizing the magnitude of the search, Marxhausen elected to complete the search in the morning.

> Marxhausen returned to the Mille Lacs County Jail to interview Henderson. Henderson was given a Miranda warning, and he agreed to speak with Marxhausen. Henderson admitted that he cooked methamphetamine for the past two years, the most recent time being within the last seven days, and that he last used methamphetamine at 9:00 o'clock that evening. When asked if he sold methamphetamine, he responded, "I * * * I survive off of, you now [sic]? Probably like (inaudible) you know? (Inaudible)."
>
> In the search of Henderson's residence officers found baby monitors around the house and a radio scanner tuned to the Mille Lacs County Sheriff's department dispatch frequency. Officers also found multiple propane tanks with altered valves containing anhydrous ammonia, empty Toluol cans, drain cleaner, xylene, garbage bags containing empty pseudoephedrine-pill packets, containers holding ephedrine tablets and other containers holding a chemical sludge, a shop vacuum containing muriatic acid, needles, syringes, coffee filters that contained powder residue, lithium batteries, and a scale with a white powdery substance on it. Officers found a loaded .410 caliber shotgun in one of the bedrooms.
>
> A jury found Henderson guilty of first-degree controlled-substance crime in violation of Minn. Stat. §152.021, subd. 2a (2000), and use of a police radio during the commission of a crime in violation of Minn. Stat. §609.856, subd. 1 (2000).

<u>Id.</u>

As noted, the Minnesota Court of Appeals upheld the Plaintiff's conviction, and the Minnesota Supreme Court denied further review.

In his Complaint, the Plaintiff now claims that Marxhausen "brought forth evidence against the Plaintiff that was knowingly falsified," including "physical evidence which had been tainted through his own actions." Complaint, Docket No. 1, at p. 2, ¶9.b. The Plaintiff also contends that Marxhausen "brought forth evidence against the Plaintiff that was obtained through use of a search warrant," which Marxhausen allegedly "acquired by perjury." Id. at p. 2, ¶9.c. Finally, the Plaintiff contends that Marxhausen "brought forth evidence against the Plaintiff" that allegedly was obtained by illegally questioning the Plaintiff, and illegally recording his answers. Id. at p. 2, ¶9.d.

The Plaintiff further alleges that Kolb is responsible for the Mille Lacs County Attorney's Office, which prosecuted his criminal Trial, and he alleges that the Mille Lacs County Attorney's Office "brought forth no evidence against the Plaintiff that the crime for which Plaintiff was accused, occurred on the date listed in the criminal complaint, but rather, the County Attorney's office changed the date of the accusation against Plaintiff, after all witness [sic] in the trial were heard and just before the jury was to receive instructions." Id. at p. 3, ¶9.e.

Lastly, the Plaintiff asserts claims against the County, based upon the doctrine of respondeat superior, because the County allegedly employs both Marxhausen and

Kolb. Id. at p. 2, ¶¶9.f, 9.g. As a result, the Plaintiff contends that the County is liable for the allegedly wrongful acts and omissions of Marxhausen and Kolb. Id., ¶s 9.f. and 9.g.[1]

Based upon the alleged misconduct of Marxhausen and Kolb, during the Plaintiff's prior State criminal proceedings, the Plaintiff now asserts claims pursuant to Title 42 U.S.C. §1983, for violations of his Federal constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. As relief, the Plaintiff seeks compensatory damages in the amount of $75,000.00 "per Defendant, per incident," as well as punitive damages in the amount of $225,000.00. Id. at p. 4.

### III. Discussion

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a pleading that fails to state a cause of action on which relief can be granted. See, Title 28 U.S.C. §1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that the Plaintiff's pleading must be dismissed pursuant to Section 1915(e)(2)(B)(ii), because all of his claims are barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994).

---

[1] In this respect, the Plaintiff's claim plainly fails, because it is well settled that respondeat superior does not apply to Section 1983 claims. See, Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

In Heck, the Court held that Habeas Corpus is the **only** Federal Court remedy available to a person who is directly, or indirectly, challenging the validity of a State criminal conviction or sentence. Id. at 484-485. As a result, a person who has been convicted of a State criminal offense cannot seek relief in Federal Court, under Section 1983, if vindication of his claims would cast doubt on the validity of his conviction. Id. at 486. If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence * * * [then] the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

Even when a convicted criminal is seeking only money damages, and not directly challenging the validity of his conviction, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction." Id. at 483; see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996)("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release.").

Here, it is readily apparent that a Judgment in the Plaintiff's favor, in this action, would necessarily imply that he was wrongfully convicted in the State criminal proceedings, which gave rise to his current claims. The undeniable essence of

Plaintiff's current Complaint is that the Defendants were guilty of unconstitutional misconduct during the course of his State criminal proceedings, and thereby deprived him of his constitutional right to a fair Trial.

Furthermore, the only conceivable injury for which the Plaintiff could be seeking relief in this action is his allegedly wrongful conviction. The Plaintiff may not be explicitly asking that his State criminal conviction be overturned in this action but, if his current claims for relief were sustained, his State criminal conviction would be fatally undermined. See, Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir. 2000)("In Heck, the Supreme Court held that a section 1983 action should be dismissed if a judgment 'would necessarily imply the invalidity of [a plaintiff's] conviction or sentence * * * .'"); Moore v. Novak, 146 F.3d 531, 536 (8th Cir. 1998); Sufka v. Minnesota, 2007 WL 4072313 at *3 (D. Minn., November 15, 2007)("Plaintiff's claim pertaining to his state criminal prosecution (i.e., that he allegedly was not allowed to present evidence that would have exonerated him), is barred by Heck v. Humphrey, 512 U.S. 477 (1994)."). Thus, according to the Supreme Court's decision in Heck, the Plaintiff cannot pursue his current civil rights claims, unless his State criminal conviction has already been nullified.

Although the Plaintiff fails to specifically address any Heck exceptions on the face of his Complaint, there is no question that his conviction was upheld on direct appeal, see, State v. Henderson, supra,[2] and upon Federal Habeas review.  See, Henderson v. State of Minnesota, Civil No. 04-4996 (DWF/AJB) (D. Minn., June 20, 1995), appeal dismissed on denial of certificate of appealability, see, id., Docket No. 25, cert. denied, 547 U.S. 1160 (2006).  In addition, a search of the Minnesota Department of Corrections' website discloses that the Plaintiff remains on supervised release, by reason of the sentence that was imposed in his State criminal case.[3]  As a result, we find no basis to conclude that the Plaintiff's State criminal conviction has been invalidated, or otherwise satisfies any Heck exception.

Lastly, we note that the Plaintiff's current Complaint cannot be construed as a Habeas Corpus Petition.  As a threshold matter, the Plaintiff could satisfy the "in custody" requirement, given that he remains on supervised release.  See, Title 28 U.S.C. §2254(a).  Nonetheless, the Plaintiff previously filed a Petition for Federal

---

[2]The Minnesota Court of Appeals vacated the Plaintiff's **sentence**, and remanded the case to the Trial Court for re-sentencing, however, the Plaintiff's **conviction** was upheld on direct appeal.

[3]The Minnesota Department of Corrections' website is available at http://www.corr.state.mn.us.

Habeas Corpus review of his State criminal conviction, and that Petition was dismissed on the merits. See, Henderson v. State of Minnesota, Civil No. 04-4996, supra. Therefore, the Plaintiff is barred from seeking further Federal Habeas review of his conviction, unless he first obtains leave from our Court of Appeals. See, Title 28 U.S.C. §2244(b)(3).[4]

Accordingly, we conclude that the Plaintiff has failed to state a claim upon which relief can be granted, and we recommend that this action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii). As a result, we further recommend that the Plaintiff's IFP Application be denied, as moot.

---

[4]The Plaintiff is already familiar with this rule, as it caused the summary dismissal of a second Habeas Corpus Petition, that he attempted to bring in this District. See, Henderson v. State of Minnesota, Civil No. 06-3562 (DWF/AJB) (D. Minn., January 9, 2007).

As a final matter, we recognize that the opinions in Spencer v. Kemna, 523 U.S. 1 (1998), contain dicta, which might arguably suggest that Heck should not be applied to a former prisoner, who is no longer eligible for Federal Habeas Corpus relief. There, however, the petitioner was not attacking his original criminal conviction, but rather, he claimed only that he had been wrongfully returned to prison pursuant to an erroneous revocation of his parole. In addition, after a careful and exhaustive search, we have not found any case in which an unsuccessful Habeas Petitioner, who continues to satisfy the jurisdictional "in custody" requirement, was subsequently allowed to renew his challenge to his State criminal conviction, by way of a Section 1983 action. Therefore, we are satisfied that, even though the Plaintiff is not currently eligible for Federal Habeas review of his State criminal conviction, owing to the statutory restriction on successive Petitions, his current claims remain barred by Heck.

NOW, THEREFORE, It is --

RECOMMENDED:

1.  That the Plaintiff's Application for leave to proceed in forma pauperis [Docket No. 2] be denied.

2.  That this action be summarily dismissed, pursuant to Title 28 U.S.C. §1915(e)(2)(B)(ii).


Dated: February 12, 2009              *s/Raymond L. Erickson*
                                        Raymond L. Erickson
                                        CHIEF U.S. MAGISTRATE JUDGE


**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 2, 2009**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 2, 2009**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.